UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CESAR VALLADOLID #499049,

  Petitioner,

               Case No. 2:08-cv-62
v.               Honorable R. Allan Edgar

JERI-ANN SHERRY,

  Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner is serving life without the possibility of parole, and a two year consecutive sentence imposed by the Kent County Circuit Court on June 21, 2004, after a jury convicted petitioner of felony murder, first-degree home invasion, and possession of a firearm during the commission of a felony pursuant to MICH. COMP. LAWS § 750.316(1)(b), 750.110a(2), and 750.227b respectively. In his *pro se* petition, petitioner raises seven grounds for relief, as follows:

> I. Petitioner was denied due process and his right to a properly instructed jury by the preclusion of an instruction that voluntary manslaughter could be considered.
>
> II. Petitioner was denied the right to a fair trial when he was not granted a separate trial from his co-defendant.
>
> III. Petitioner was denied due process of law and a fair trial when the prosecutor committed repeated acts of prosecutorial misconduct.
>
> IV. Petitioner was denied due process of law when the rules of discovery were violated.

> V. Petitioner's counsel was ineffective for failing to object to prosecutorial misconduct, failing to move for severance, and failing to request an instruction on abandonment.
>
> VI. The accumulation of errors rendered the petitioner's trial unfair.
>
> VII. Petitioner was denied effective assistance of counsel when appellate counsel failed to raise issues on direct appeal.

Respondent has filed an answer to the petition stating that petitioner's claims should be denied because they are noncognizable state law claims which have no merit. Upon review and applying the AEDPA standards, I find that all seven of petitioner's claims lack merit.

The state prosecution arose from the shooting death of Stanley Robinson, which took place on December 15, 2003. Petitioner and his co-defendant kicked in the door at the Robinson home to retrieve some cocaine that Mr. Robinson had stolen from a friend. Mr. Robinson met petitioner and his co-defendant at the door while holding a .40-caliber firearm. Petitioner then began shooting. A struggle ensued and petitioner's co-defendant acquired Mr. Robinson's gun. At trial, the pathologist, who performed the autopsy on Mr. Robinson, testified that he had seven gunshot wounds. Two intact .22-caliber bullets were recovered from Mr. Robinson's legs. Mr. Robinson's wounds were consistent with petitioner's gun. The cause of death was a gunshot wound to the head, which passed through the victim's temples. This wound was consistent with a .40-caliber firearm. According to the pathologist, the wounds were consistent with Mr. Robinson being shot while on his back or while standing.

At the conclusion of trial, the jury found petitioner guilty of felony murder, first degree home invasion, and possession of a firearm during the commission of a felony. On June 21, 2004, petitioner was sentenced to serve life without the possibility of parole with respect to the

charge of felony murder, 20 to 60 years in prison for the charge of first-degree home invasion, and an additional two years consecutive to all other sentences with respect to the felony firearm charge.

Petitioner appealed as of right to the Michigan Court of Appeals, asserting that he was denied due process and his right to a properly instructed jury by the preclusion of an instruction that voluntary manslaughter could be considered. By unpublished opinion issued on November 17, 2005, the Michigan Court of Appeals vacated petitioner's conviction for first degree home invasion on the grounds of double jeopardy, and affirmed petitioner's convictions and sentences for felony murder and felony firearm. Petitioner filed a pro per application for leave to appeal to the Michigan Supreme Court, raising the same claims that had been rejected by the Michigan Court of Appeals. By order entered March 27, 2006, the Michigan Supreme Court denied his application for leave to appeal because it was not persuaded that the questions presented should be reviewed.

Petitioner returned to the trial court and filed a motion for relief from judgment. The motion raised claims two through seven of his claims for habeas corpus relief. The trial court denied the motion in an opinion issued August 2, 2006. Petitioner appealed this decision to the Michigan Court of Appeals. The application for leave to appeal was denied in an order dated May 3, 2007, for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D). Petitioner applied for leave to appeal to the Michigan Supreme Court. That application was also denied in an order dated September 24, 2007, for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D).

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 791 (2001), *cert. denied, Texas v. Penry*, 126 S. Ct. 2862 (June 12, 2006). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the

law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the "clearly established" holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey*, 271 F.3d at 655. In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Bailey*, 271 F.3d at 655; *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000). "Yet, while the principles of 'clearly established law' are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007). The inquiry is "limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time [the petitioner's] conviction became final." *Onifer v. Tyszkiewicz*, 255 F.3d 313, 318 (6th Cir. 2001).

A decision of the state court may only be overturned if (1) it applies a rule that contradicts the governing law set forth by the Supreme Court, (2) it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result; (3) it identifies the correct governing legal rule from the Supreme Court precedent

- 4 -

but unreasonably applies it to the facts of the case; or (4) it either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend a principle to a context where it should apply. *Bailey*, 271 F.3d at 655 (citing *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694; *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411; *accord Bell*, 535 U.S. at 699. Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 410.

Where the state court has not articulated its reasoning, the federal courts are obligated to conduct an independent review to determine if the state court's result is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented. *See Harrington v. Richter*, 131 S. Ct. 770, 785 (Jan. 19, 2011) (citing with approval *Harris*, 212 F.3d at 943 n.1). Where the circumstances suggest that the state court actually considered the issue, including where a state court has issued a summary affirmance, the review remains deferential because the court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA. *Harrington*, 131 S. Ct. at 785; *Harris*, 212 F.3d at 943. However, where the state court clearly did not address the merits of a claim, "there are simply no results, let alone reasoning, to which [the] court can defer." In such circumstances, the court conducts *de novo* review. *McKenzie*, 326 F.3d at 727 (limiting *Harris* to those circumstances in which a result exists to which the federal court may defer); *see also Wiggins v. Smith*, 539 U.S. 510, 534 (2003) (reviewing habeas issue *de novo* where state courts had not

reached the question); *Maples v. Stegall*, 340 F.3d 433, 437 (6th Cir. 2003) (recognizing that *Wiggins* established *de novo* standard of review for any claim that was not addressed by the state courts).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster*, 324 F.3d at 429; *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989). Applying the foregoing standards under the AEDPA, I find that petitioner is not entitled to relief.

As noted above, petitioner asserts in his first claim that he was denied due process and his right to a properly instructed jury by the preclusion of an instruction that voluntary manslaughter could be considered. However, a federal court is limited in federal habeas review to deciding whether a state court conviction violates the Constitution, law or treaties of the United States. *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991). Petitioner's claim that the trial court failed to instruct on the lesser charge of voluntary manslaughter is non-cognizable on habeas review. There is no clearly established Supreme Court law that holds that a state violates a habeas petitioner's due process rights by failing to instruct the jury on lesser charges in non-capital cases. The Sixth Circuit has held that the failure to instruct on lesser included offenses in non-capital cases is not such a fundamental defect as inherently results in a miscarriage of justice. *Bagby v. Sowders* 894 F.2d 792, 797 (6th Cir.) *cert. denied,* 496 U.S. 929 (1990). Thus, failure to instruct of lesser charges in non-capital cases "is not an error of such character and magnitude to be cognizable in federal habeas corpus review." *Id.* Furthermore, this holding was affirmed when the Court held that "the

Constitution does not require a lesser-included offense instruction in non-capital cases." *Campbell v. Coyle*, 260 F.3d 531, 541 (6th Cir. 2001). Accordingly, petitioner is not entitled to habeas corpus relief with respect to his first claim.

Respondent asserts that the remainder of petitioner's claims are procedurally barred due to the enforcement of MCR 6.508(D)(3) by the Michigan Court of Appeals and the Michigan Supreme Court. However, the Michigan appellate courts denied petitioner leave to appeal with respect to his claims for "failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." This does not indicate a clear denial based on MCR 6.508(D)(3). The Sixth Circuit has held that because the form orders citing MCR 6.508(D) are ambiguous as to whether they refer to procedural default or denial of relief on the merits, the orders are unexplained. *Guilmette v. Howes,* 624 F.3d 286 (6th Cir. 2010). Therefore, we must look to the last reasoned state court opinion to determine the basis for the state court's rejection of the claim. *Id.* "Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." *Guilmette v. Howes,* 624 F.3d 286 (6th Cir. 2010) (quoting *Ylst v. Nunnemaker,* 501 U.S. 797, 803 (1991)). Applying that presumption in this case results in a conclusion that the Michigan courts denied petitioner's claims on the merits. This requires the Court to conduct an independent review; however, as noted above, this review is not *de novo*.

In petitioner's second claim, he asserts that he should have had a separate trial from his co-defendant. Petitioner motioned the trial court for severance prior to trial. The motion was denied; however, two separate juries were empaneled. The trial court's decision not to grant the motion for severance was not objectively unreasonable. The trial court noted that where defenses are antagonistic and one defendant accuses the other, making it impossible to have a fair trial, the

severance should be granted. In this case, however, the defense theory for both defendant's cases was self-defense. At no point did co-defendant's counsel even hint that petitioner, not co-defendant, committed the murder. Therefore, the defenses were not antagonistic and the claim is without merit.

In his third claim, petitioner asserts that the prosecutor committed misconduct by vouching for his witnesses' credibility, eliciting testimony that petitioner had previously been in jail, and by making improper prejudicial remarks in his closing argument when he suggested to the jury what his personal belief and opinion was as to the truth or falsity of the testimony. The trial court's finding that this claim is without merit is not objectively unreasonable. In the first allegation, petitioner asserts that the prosecutor vouched for his witnesses' credibility by asking three witnesses if they had received plea bargains in exchange for truthful testimony. Petitioner argues that by doing this, the prosecutor was suggesting to the jury that he had some special knowledge that the witnesses were telling the truth. The trial court held that in this case the prosecutor was merely discussing the plea agreements containing the promise of truthfulness. He simply asked the witnesses if they were testifying pursuant to a plea deal, and if they understood that they had agreed to testify truthfully. Therefore, no misconduct occurred by the prosecutor with respect to this issue.

Next, petitioner argues that the prosecutor committed misconduct by eliciting testimony that petitioner had previously been in jail. The trial court correctly points out that it was defense counsel that elicited this testimony, so there was no prosecutorial misconduct with respect to this issue.

The last issue of prosecutorial misconduct that petitioner raises in his third claim is that the prosecutor made improper prejudicial remarks in his closing argument. Petitioner argues that the prosecutor attacked him and his counsel. The statements made by the prosecutor were not personally attacking the credibility of defense counsel. The statements were made in reference to

petitioner's testimony. "Counsel may argue for a reasonable inference that a witness is not credible . . . assuming there exists evidence from which to so infer." *United States v. Owens*, 426 F.3d 800, 806 (6th Cir. 2005) (internal citations omitted). The prosecutor then argued that petitioner's theory of the case was not supported by any evidence. This is also not improper. *McCarty v. Palmer*, 2010 WL 3885606 at *8 (W.D. Mich. 2010), *citing United States v. Xiong*, 262 F.3d 672, 675 (7th Cir. 2001). Therefore, the trial court correctly concluded that the prosecutor's remarks during his closing argument did not constitute misconduct.

In his fourth claim, petitioner asserts that he was denied due process when the rules of discovery were violated. Petitioner contends that the prosecution had exculpatory evidence in its possession and neglected to disclose it to petitioner. In this case, a crime scene technician testified that she found seven live .22 caliber cartridges in bedroom number two and collected them. These were admitted into evidence without objection from either defense counsel. The technician stated that she did not include the cartridges in either her hand-drawn diagram or her computer-generated diagram because she ultimately did not think them to be relevant to the crime scene. Petitioner argues that he did not receive a copy of the hand-drawn diagram prior to trial. The trial court held that the rules of discovery were not violated because there was no evidence that the .22 cartridges found in bedroom number two, or that the hand-drawn diagram was favorable to petitioner. Furthermore, based on questioning of the technician by the defense, it is apparent that petitioner was aware of the .22 cartridges before trial. In addition, the only diagram introduced and admitted at trial was the computer-generated diagram. Therefore, the trial court's decision that the rules of discovery were not violated is not objectively unreasonable. Accordingly, petitioner's fourth claim is without merit.

Petitioner asserts in his fifth claim that he was denied effective assistance of trial counsel. To establish deficient performance, petitioner must identify acts that were "outside the wide range of professionally competent assistance." *Strickland v. Washington,* 466 U.S. 668, 690 (1984). In this case, petitioner argues that trial counsel was ineffective because he failed to object to the various acts of prosecutorial misconduct. However, since there was no prosecutorial misconduct, trial counsel was not deficient for failing to object. Such objections would have been futile. Petitioner also asserts that trial counsel should have motioned for severance a second time. As was noted earlier, petitioner and his co-defendant did not have antagonistic defenses. Therefore, a second motion for severance would have been frivolous. Furthermore, the trial court stated that had defense counsel renewed his motion for severance, it would have been denied. Finally, defendant argues that counsel should have requested an "abandonment" jury instruction. The trial court points out that petitioner did not produce any evidence that he intended to abandon the criminal acts that occurred. The trial court also noted that petitioner did not say anything that could have been determined, by a preponderance of the evidence, to be a description of someone voluntarily abandoning the criminal action. The trial court was not objectively unreasonable in determining that trial counsel's failure to request an abandonment jury instruction did not constitute ineffective assistance of counsel. Therefore, petitioner's fifth claim is without merit.

Petitioner asserts in his sixth claim that the accumulation of errors rendered the trial unfair. The trial court held that this claim is without merit because no cognizable errors warranting relief have been identified. This determination was not objectively unreasonable. All of petitioner's aforementioned claims were found to be without merit and therefore do not constitute an accumulation of errors.

Finally, in his seventh claim, petitioner asserts that his appellate counsel was ineffective for failing to raise issues that were both obvious and significant. Petitioner asserts that the claims raised in this petition should have been raised in his appeal of right by appellate counsel. The trial court correctly noted that appellate counsel is not required to raise every possible argument urged by his client for review, regardless of merit. *Caver v. Straub*, 349 F.3d 340, 348 (6th Cir. 2003), *citing Jones v. Barnes*, 463 U.S. 745, 751 (1983). Because the trial court did not find merit in any of the arguments by petitioner in the motion for relief from judgment, it cannot be said that appellate counsel was ineffective for failing to raise frivolous issues. The trial court was not unreasonable in this determination and therefore, petitioner's seventh claim is found to be without merit.

In summary, the undersigned concludes that petitioner's claims are without merit. Accordingly, the petition is dismissed with prejudice.

In addition, if petitioner should choose to appeal this action, a certificate of appealability be denied as to each issue raised by the petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of petitioner's claims was debatable or wrong. Accordingly, petitioner is denied a certificate of appealability.

Dated: 9/16/2011

                                              /s/ R. Allan Edgar
                                      R. ALLAN EDGAR
                                      UNITED STATES DISTRICT JUDGE